Nicholson, C. J.,
delivered the opinion of the Court.
*33 The Memphis and Charleston Railroad Company ■were indebted to Clarke & Brown by account in the sum of $237.50. Rogers claims this amount by virtue of an assignment of the account to him. C. M. Lambreth & Co. claim it by virtue of a garnishment as attaching creditors of Clarke & Brown.
It is the settled law in this State, since the case of Clodfelter v. Cox, 1 Sneed, 330, that the assignment of a chose in action is not complete, so as to vest the title absolutely in the assignee, until notice of the assignment to the debtor, and this not only as regards the debtor, but likewise as to third persons; and that an attachment' by a creditor, in the period intervening between the assignment and the notice, will have preference.
In the present case the assignment by Clarke & Brown was made to Rogers on the 1st of July, 1867, and the attachment and garnishment of Lambreth & Co. were issued and served on the 3d of July, 1867. The question is, Was notice of his assignment given by Rogers to the Railroad Company before the service of the garnishment on the 3d of July? In his ansAver to the bill of interpleader by the Railroad Company, Rogers says: “ Said assignment was made to respondent on the 1st day of July, 1867, near Middleton, Hardeman County, ' Tenn., and respondent immediately gave notice thereof to Frank Lambreth, the agent of the Railroad Company at Middleton, and all this was before any garnishment had been served on any agent of the road by C. M. Lambreth & Co.; that after he had so notified said agent, said Lam- *34 breth & Co. garnished, or undertook to garnish, the Company by serving a garnishment on said agent. That respondent then came to Memphis and notified the Treasurer of the Company of the transler to respondent, and afterward said Lambreth & Co. served a garnishment on said treasurer.
Frank Lambreth, the agent, says that “ Rogers told me he had an order on the Railroad Company made to him by Brown, of the firm of Clarke & Brown. He did' not see the order. This was in the morn--ing of the same day a garnishment was served on me in the evening by C. M. Lambreth & Co.” Witness was an agent of the -Company at the time Rogers told him he had the order, and when the garnishment was served on him.
George Robertson, the Secretary and Treasurer of the Railroad Company, says that about the 3d or 4th of July notice of a garnishment was served upon the road. Mr. Lambreth, the agent, notified him that the road was garnished in Hardeman county by notice served on him. Mr. Rogers presented him an order from Clarke & Brown. This was presented about the 3d or 4th of July, 1867. He cannot say which order was presented first, but his impression is that he had notice of the garnishment before the last order was presented. He did not pay the order of Rogers because he had no estimate of the amount due to Clarke & Brown.
It appears clearly from this proof that Rogers had notified Lambreth, the agent at Middleton, of the assignment before the garnishment of Lambreth & Co. *35 was issued or served. But it was no part of Lam-breth’s duty as agent of the Company at Middleton to ' pay the debts of the road; this was the business of Robertson, the treasurer, at Memphis. Notice to Lambreth was, therefore, not sufficient to fix notice on the Company.
The question then presents itself: Did Robertson, the treasurer, have notice of the assignment to Rogers before the garnishment was served on the Company? The evidence leaves it somewhat uncertain whether he was notified by Rogers of his assignment before or after Lambreth, the agent, had notified him of the service on him of the garnishment. There is some confusion in Robertson’s evidence on this matter. But we think it fairly inferable from his statements that there were two orders presented to him, one from Clarke given to Ross, and the other to Rogers, given by Brown; he is in doubt which of these orders was presented first, but his impression is that he received notice of . the garnishment before the last of the two orders was presented. That the order given to Ross was the last presented, and that this was presented after he was notified of the garnishment, we think is reasonably certain, from the fact that he says he did not pay Rogers’s order when presented by him in person because he did not have the estimate of the amount due to Clarke & Brown. Of course he had not then been notified of the garnishment, but when it was presented by Clarke for Thos. R. Smith he did not pay it, as he then had notice of the garnishment.
But while we are of opinion that the proof, de *36 cidedly preponderates in favor of the conclusion that Robertson, the treasurer, was notified by Rogers of the assignment before he had notice of the service of the garnishment on Lambreth, the agent, and for that reason that Rogers’s claim to the fund’ is superior to that of Lambreth & Co., there are other reasons upon which we think Lambreth & Co. must fail in their effort to reach the fund.
In the first place, we are not furnished with the evidence in this record that the attachment and garnishment by Lambreth & Co. against Clarke & Brown were legally issued. The affidavit on which the attachment was sued out is not made part of the transcript from the Circuit Court of Hardeman county, and we are, therefore, not able to determine whether any sufficient ground for the attachment was stated.
But in the next place, if we may assume that there was a sufficient ' affidavit, it appears that the principal place of business of the Memphis and Charles- ' ton Railroad Company was in the city of Memphis, in Shelby county, but that the attachment suit of Lambreth & Co. was commenced in the county of Hardeman. The garnishment, which was based on the attachment, was executed on Frank Lambreth, agent of the Memphis and Charleston Railroad Company, at Middleton, a' depot in Hardeman county.” Such is the return of the officer. He gives no reason why the process was not served on the President, or in his absence, on the Secretary or Treasurer, or, in the absence of these, on a Director of the Company. It does not appear that the action commenced by Lam- *37 breth & Co. grew out of or was connected with the business of the office or agency at Middleton, at which place, in the county of Hardeman, Frank Lambreth, the agent at that depot, resided. Service of the process on Lambreth, therefore, was not sufficient. Nor does it appear that the process was ever served on any officer of the Company at Memphis. The agent at Middleton notified the treasurer at Memphis that the process had been served on him, and this was all the service, as far as the record shows. At the time, therefore, that Rogers notified the treasurer of the assignment, it is manifest that Lambreth & Co. had fixed no lien on the fund in controversy by the issuance and service of process of attachment and garnishment on the Company.
We are, therefore, of opinion that the Circuit Judge determined correctly that Rogers was entitled to the fund, and we affirm the judgment.